# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
*WESTERN DIVISION*

| | |
|---|---|
| **Rosie Shepherd**, | |
| Plaintiff, | Case No. |
| v. | |
| **Franklin Collection Service, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Rosie Shepherd** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Franklin Collection Service, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012)

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Alabama and because the occurrences from which Plaintiff's claims arise took place and caused Plaintiff to suffer injury in the State of Alabama.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Tuscaloosa, Alabama 35401

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with headquarters at 2978 West Jackson Street, Tupelo, Mississippi 38801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or before July 2017 and continuing through in or around November 2017, Defendant repeatedly called Plaintiff on her cellular telephone in an attempt to contact Plaintiff's daughter, Carlova.

13. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

15. In or around July 2017, within the first few calls, Plaintiff told Defendant that it was calling the wrong number and to stop calling.

16. Once Defendant was informed that it was calling the wrong number, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

17. Plaintiff reiterated her request for calls to cease on numerous subsequent occasions through November 2017.

18. Despite Plaintiff's clear demands to refrain from contacting her, Defendant persisted in calling Plaintiff through November 2017.

19. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Section 227(b)(1)(A)(iii) of the TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

25. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

26. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

27. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

28.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**Wherefore**, Plaintiff, **Rosie Shepherd**, respectfully prays for judgment as follows:

   a.   All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b.   Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c.   Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   d.   Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

   e.   Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Rosie Shepherd**, demands a jury trial in this case.

Respectfully submitted,

Dated: 11/1/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com